Honorable Tom Massey Chairman House Committee on Public Education State Capitol Austin, Texas 78711
Re: Multiple elections between the Optional Retirement Program and the Teacher Retirement System.
Dear Representative Massey:
On behalf of the Committee on Public Education you have asked if a person may again elect to participate in the Optional Retirement Program — a special program for faculty members of Texas institutions of higher education — after having been required, because of a change in employment, to transfer from an Optional Retirement Program to the Teacher Retirement System.
Participation in the Optional Retirement Program is limited to `faculty members' as defined in the Texas Education Code. Educ. Code §§ 51.353, 51.352(4). Persons who teach in the public school system of the state are ineligible for such participation; they are required to become members of the Teacher Retirement System as a condition of their employment. Educ. Code § 3.03.
You advise that while employed as a faculty member at a public institution of higher education, an individual timely elected to participate in the Optional Retirement Program. Subsequently he accepted employment as a teacher in the public schools and became a member of the Teacher Retirement System, as required by law, terminating his Optional Retirement Program participation. Now, he has left the public school position and has again become a `faculty member' within the meaning of the Optional Retirement Program provisions. He wishes to drop his Teacher Retirement System membership and resume participation in the Optional Retirement Program.
An identical situation was considered in Attorney General Opinion M-1027 (1971) prior to the adoption of title three of the Education Code. It construed the statutes then in force (former articles 2922-1i and 2922-1.03, V.T.C.S) to prohibit a series of elections between retirements systems; it concluded that persons who leave faculty-member positions to become public school teachers must at that time become members of the Teacher Retirement System and must remai Teacher Retirement System members if they later return to `faculty member' status. The opinion was based principally upon the language of the statutes, banc upon a previous Attorney General Opinion, M-647 (1970), which held the Optional Retirement Program to be for `faculty members' only. Opinion M-647 also held that public school employees who were former `faculty members' were not within that definition.
The statutes upon which Attorney General Opinion M-1027 was based were incorporated into the Texas Education Code as sections 3.03 and 51.355 in substantially unaltered form. The legislative acts so incorporating them provided that no change in substantive law was intended, but that only a recodification of current laws was contemplated. See Acts 1971, 62nd Leg., ch. 405, at 1449; Acts 1971, 62nd Leg., ch. 1024, at 3072. We noted in Attorney General Opinion H-371 (1974) that the Legislature, though presented with several opportunities to change the M-1027 result, had not done so, and we there reiterated the conclusion that the statutes allow only a single opportunity to elect between retirement systems.
Nothing has come to our attention that would require a result different from that reached by those opinions. In light of the earlier opinions, the administrative construction and the Legislature's failure to amend the statute, it is our view that under the present statute a person may exercise the option to participate in the Optional Retirement Program only once.
 SUMMARY
Under current law a person may exercise the option to participate in the Optional Retirement Program only once.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee